UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KAHEALANI F. AMBROSE, ET AL. | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-5286 |
| ALLIED TRUST INSURANCE COMPANY | * | SECTION "I" (2) |

**ORDER AND REASONS**

Before me is Defendant Allied Trust Insurance Company's Motion to Remove Case from Hurricane Case Management Order.  ECF No. 9.  Plaintiff timely filed an Opposition Memorandum.  ECF No. 13.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's motion (ECF No. 9) is DENIED for the reasons stated herein.

**I.      BACKGROUND**

Plaintiffs Kahealani and Christopher Ambrose filed this Hurricane Ida suit in state court against Defendant Allied Trust Insurance Company, which removed the action pursuant to 28 U.S.C. § 1332.  ECF No. 1.  Plaintiffs allege that Defendant breached its insurance contract and violated its statutory obligations of good faith and fair dealing, entitling Plaintiffs to statutory penalty and extra-contractual damages in addition to contractual damages.  ECF No. 1-1 at 3-6. After filing its answer on September 24, 2023, Defendant filed this Motion to Remove the case from this Court's Hurricane Ida Case Management Order ("Ida CMO").  ECF Nos. 7, 9.

Defendant argues that the opt-out is warranted because Plaintiffs had three prior claims for sewerage and water damage on February 8, 2021, and it needs additional discovery to determine whether the repairs for that damage, for which Plaintiffs were compensated, were completed or

1

whether the same damage is again included in Plaintiffs' Hurricane Ida claim at issue in this matter. ECF No. 9-1 at 1-2. Defendant also argues that Plaintiffs invoked appraisal, but due to foreclosure, are no longer in possession of the property, and the mortgagee notified Defendant of potential claims on or about March 31, 2023, which was submitted on September 6, 2023. *Id*. at 2.

Plaintiffs oppose the motion, arguing that after they invoked appraisal on March 16, 2023, both sides appointed appraisers after which an umpire was appointed. ECF No. 13 at 1-2. Although the property went into foreclosure on May 22, 2023 and Plaintiffs vacated the property on July 26, 2023, Plaintiffs argue that the umpire has no need for access to render his decision. *Id*. at 2. Further, Plaintiffs argue that Defendant's suggestion that the water damage claim requires exception from the CMO is without merit because (a) all inspectors and appraisers were aware of that claim and damage (and thus excluded duplicative damage); (b) Plaintiffs provided their repair receipts; and (c) the CMO requires Plaintiff to provide information regarding all claims within the prior 10 years. *Id*. at 3-4. Plaintiffs argue that Defendant has failed to establish good cause necessary to remove this case from the Hurricane Ida CMO, and the delay incident to removing this case from the CMO prejudices Plaintiffs. *Id*. at 4. At most, Plaintiffs believe a stay pending the outcome of the appraisal process would be in order. *Id*. at 5.

## II.     LAW AND ANALYSIS

On August 26, 2022, this Court adopted Case Management Order ("CMO") No. 1 to govern Hurricane Ida claims. CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Although parties may not opt-out of the mandatory initial disclosures set forth in Section 1, they may seek to opt-

2

out of the SSP in Section 3 upon a showing of good cause. *See* Section 3. The CMO does not define the term "good cause."

This Court has found good cause to opt-out of the SSP when the parties agreed that the governing policy contained a mandatory arbitration provision enforceable under the Convention of the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-09.[1] This case, however, does reflect any facts that would justify a finding of good cause to opt-out of the SSP. Defendant has not cited, nor has this Court located, any cases in support of its position that a desire to conduct more thorough discovery constitutes good cause to deviate from the Court's SSP. While "full discovery" may assist the parties to calculate discrete damage amounts, the CMO's mandatory discovery provides sufficient basis for the parties to proceed with the SSP process. Should the parties' early settlement efforts prove unavailing, further discovery can be conducted through the normal course of litigation thereafter.

## III.  CONCLUSION

For the foregoing reasons, Defendant has not established good cause to depart from the governing CMO. Accordingly,

IT IS ORDERED that Defendant's Motion to Remove Case from Hurricane Case Management Order (ECF No. 9) is DENIED.

New Orleans, Louisiana, this \_\_1st\_\_ day of November, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Dupuy Storage and Forwarding, LLC v. Certain Underwriters at Lloyd's*, Civ. No. 22-4546 (E.D. La. Dec. 16, 2022) (citing *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430–31 (5th Cir. 2019), *as revised* (June 6, 2019) (citing La. Rev. Stat. § 22:868(A)(2); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982) (holding that classification of a contract as an insurance contract renders the arbitration provisions unenforceable under § 22:868)); *City of Kenner v. Certain Underwriters at Lloyd's London*, No. 22-2167, 2022 WL 16961130, at *2 (E.D. La. Nov. 16, 2022) (Vance, J.) (citation omitted).